[664 NYS2d 474]

In the Matter of MICHAEL FARMER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 24, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of this Court, dated April 30, 1997, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 *(l)* (1) (i), based upon a finding that he is guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the Grievance Committee's investigation of a complaint against him. The order

authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to J. Mitchell Rosenberg, Esq., as Special Referee, to hear and report. In view of the inability to effect personal service upon the respondent, the order authorized substituted service upon the respondent.

Pursuant to that order, the Grievance Committee served a petition, dated May 8, 1997, upon the respondent via certified and regular mail and by affixing a copy of the papers to the front door of the respondent's dwelling on May 8 and May 15, 1997. To date the respondent has failed to submit an answer to the petition.

The Grievance Committee now moves to impose discipline upon the respondent based upon his default and has served the respondent with the notice of motion and accompanying affirmation via substituted service. The respondent has failed to respond to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Farmer, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Michael Farmer is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge,

Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.